NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## IN RE LEGGETT & PLATT, INCORPORATED AND SIMMONS BEDDING COMPANY,

*Petitioners.*

---

Miscellaneous Docket No. 986

---

On Petition for Writ of Mandamus to the United States District Court for the Central District of California in case no. 10-CV-7416, Judge R. Gary Klausner.

---

## ON PETITION

---

Before NEWMAN, SCHALL and DYK, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

## ORDER

Imaginal Systematic, LLC (Imaginal) has sued Leggett & Platt, Incorporated (Leggett) and Simmons Bedding Company (Simmons) in the United States District Court for the Central District of California, charging Leggett and Simmons with infringement of a patent relating to the manufacture of mattress box springs. Leggett and Simmons asked the court to transfer the case

to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. § 1404(a), which authorizes changes of venue "for the convenience of parties, and witnesses, in the interest of justice." The district court denied the motion because the defendants failed to make a "strong showing" that the action should be transferred for convenience of the parties and witnesses. An order denying a motion under § 1404(a) is not a final order, which is why Leggett and Simmons have filed this writ of mandamus asking us to direct the district court to transfer this case.

Mandamus is a "drastic" remedy, "to be invoked only in extraordinary circumstances." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). Mandamus is thus available only if: (1) the plaintiff has a clear right to relief; and (2) there is no other adequate remedy available to plaintiff." *Mallard v. U. S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 309 (1989). Because this petition does not raise issues that are unique to patent law, we apply the law of the regional circuit, in this case the Ninth Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).

The Ninth Circuit has reiterated that the "[w]eighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge[.]" *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). Thus, only in "rare" instances should an appellate court override the trial court's decision not to transfer. *Id.*

We see no reason to do so here. It was not disputed below that Leggett maintains a number of facilities in the Central District of California. Simmons also maintains facilities in the Central District of California where employees not only perform the accused manufacturing

methods, but also operate the accused machinery that secures a plurality of box spring modules to a wood frame—machinery that as Imaginal points out is located in, and can be available for inspection in, the Central District of California, but not the Western District of Missouri. The defendants' contacts in the plaintiff's choice of forum are thus directly related to the alleged harm, and could plausibly justify having the trial in the Central District of California.

Based on the same facts and arguments presented here, the district court determined that the petitioners did not make a sufficient showing that this action should be transferred. We are not prepared to hold that determination was plainly incorrect. In sum, the petitioners have failed to satisfy the demanding standard required to justify the issuance of a writ of mandamus. We therefore deny the petition.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied. The motion for a stay is denied as moot.

FOR THE COURT

_____                    /s/ Jan Horbaly
JUL   7 2011
Date                                  Jan Horbaly
                                      Clerk

cc: Steven M. Hanle, Esq.
    Kenneth G. Parker, Esq.
    Clerk, United States District Court for the Central
District of California

s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JUL 0 7 2011

JAN HORBALY
CLERK