NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**IN RE ELI LILLY AND COMPANY,**
**AND IMCLONE SYSTEMS LLC,**
*Petitioners.*

---

Miscellaneous Docket No. 164

---

On Petition for Writ of Mandamus to the United States District Court for the Northern District of California in No. 13-CV-0919, Judge Yvonne Gonzalez Rogers.

---

**ON PETITION**

---

Before NEWMAN, PROST, and REYNA, *Circuit Judges.*

REYNA, *Circuit Judge.*

# ORDER

Eli Lilly and Company et al. ("Eli Lilly") petition for a writ of mandamus directing the United States District Court for the Northern District of California to vacate its order transferring this case to the United States District Court for the Central District of California. Genentech Inc. and City of Hope ("Genentech") oppose the petition. Eli Lilly also submits an "emergency motion to stay transfer proceedings."

In its order granting Genentech's motion to transfer, the district court noted that the trial judge in the Central

District of California had presided over four cases involving the same family of patents. The district court further noted that another trial judge in the Northern District of California had recently transferred a case brought by one of Eli Lilly's business partners that involves the same patent and product to the Central District of California to apply the expertise the trial judge had gained through these prior suits. The court thus accorded significant weight to the fact that transfer would enable a trial judge greatly familiar with the patents and technologies at issue to decide the case.

The district court acknowledged that an agreement between Genentech and Eli Lilly contained a forum selection clause that provided any disputes would be brought in the Northern District of California. However, because in the district court's view the gains in judicial economy would be significant and the clause was largely for the benefit of Genentech given its headquarters in the Northern District, the district court granted Genentech's motion and transferred the case to the Central District of California.

On mandamus, we review an order transferring a case under 28 U.S.C. § 1404(a) for a clear abuse of discretion. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (2008). We consider a determination a clear abuse of discretion if there is no "rational and substantive legal argument [that] can be made in support of the rule in question[.]" *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985). Thus, we will disturb the district court's transfer order only if we are convinced that it produced a "patently erroneous result." *TS Tech*, 551 F.3d at 1319.

Here, we are unable to say that Eli Lilly has made such a showing. After carefully reviewing the Central District of California's prior cases involving the same family of patents at issue here, the district court concluded that "gains to judicial efficiency in this case would

likely be substantial." That conclusion was based on the fact that the same trial judge in the Central District of California has already conducted discovery, claim construction, and ruled on motions for summary judgment involving the same family of patents, and was thus already greatly familiar with the technology and patent specification in the present case.

We give considerable deference to a district court's evaluation of the role judicial economy should play in a transfer decision. *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1347 (Fed. Cir. 2010) ("[I]t is entirely within the district court's discretion to conclude that in a given case the § 1404(a) factors of public interest or judicial economy can be of 'paramount consideration,' . . . and as long as there is plausible support of record for that conclusion we will not second guess such a determination, even if the convenience factors call for a different result.").

Deference is particularly appropriate in the present case given the Central District of California's prior familiarity with the patents and opportunity to resolve two cases involving the same product and patents. *See Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.").

Eli Lilly relies heavily on the forum selection clause in its license agreement with Genentech. The district court, however, did not ignore the clause or applicable law recognizing that such clauses are entitled to "significant" consideration. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Rather, the court expressly concluded that "the likely gains to judicial economy outweigh the presence of the license agreements' forum selection clause" because the judicial system would great-

ly benefit from having a trial court already familiar with the patents and technology try this case alongside of another pending case involving the same patents. In light of the persuasive evidence that transfer here would more efficiently allocate resources among the trial courts, we are not prepared to hold transferring this case was an abuse of discretion.

In sum, Eli Lilly has failed to satisfy the demanding standard required to justify the issuance of a writ of mandamus.

Accordingly,

IT IS ORDERED THAT:

(1)  Eli Lilly's petition for a writ of mandamus is denied.

(2)  Eli Lilly's emergency motion for a stay is moot.


FOR THE COURT

/s/   Daniel E. O'Toole
         Daniel E. O'Toole
         Clerk


cc:  Clerk, United States District Court for the Northern District of California
     Clerk, United States District Court for the Central District of California

s19