NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**In re:  APPLE INC.,**
*Petitioner*

---

2020-127

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 1:20-cv-00351-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before O'MALLEY, WALLACH, and STOLL, *Circuit Judges*.

STOLL, *Circuit Judge*.

**O R D E R**

Apple Inc. petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to direct transfer of this action to the United States District Court for the Northern District of California. STC.UNM opposes the petition. Apple replies. For the following reasons, we deny Apple's petition.

BACKGROUND

This petition arises out of a complaint filed by STC.UNM in the Waco Division of the Western District of

Texas, alleging that STC.UNM's asserted patents are infringed by various Apple products supporting the IEEE 802.11ac wireless networking standard.  According to STC.UNM, the asserted patents "read on" that wireless network standard and the accused devices infringe by being compliant with the standard.  Resp. at 4.  Apple indicates that its accused products support the wireless standard via semiconductor chips developed by Broadcom Inc., a company with offices in San Jose, Irvine, and San Diego, California, as well as in the Western District in Austin, Texas.

The district court granted Apple's motion to transfer this case pursuant to 28 U.S.C. § 1404(a) in part, holding that Apple had demonstrated trial in the Austin Division of the Western District of Texas was clearly more convenient than the Waco Division, but that Apple had not clearly established that the Northern District of California was more suitable for trial than Austin, Texas.  In doing so, the district court relied on *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-CV-00456-JRG, 2018 WL 4620636 (E.D. Tex. May 22, 2018) for the proposition that a court must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party when assessing a § 1404(a) transfer for convenience.

The district court acknowledged that the Northern District of California would be more convenient for the Apple employees and Broadcom employees who were specifically identified in the declarations in support of Apple's motion and that it would be easier to access or transfer any documentary sources from Apple or Broadcom that were located in the Northern District of California or other parts of California.  However, the district court found that the presence of the Wi-Fi Alliance in the Western District of Texas mitigated against weighing the pertinent convenience factors strongly in favor of transfer, because it was "possible—if not likely—that STC.UNM could require the Wi-Fi Alliance as a significant source of proof."  A. 7.  The district

court also weighed against transfer a pending suit in the same district in which STC.UNM asserted the same claims of the same patents against another defendant, determining that there was a shorter time to trial in the Western District of Texas on the current schedule for this case as compared to the median time to trial in the Northern District of California.

The district court also found that the local interest factor did not weigh in favor of Northern California. The district court explained that, like the Northern District of California, the Western District of Texas had a significant interest because Apple was likely "one of the largest employers in each District." A. 14. Despite Apple's assertions that only its employees in Northern California had relevant and material information, the district court noted that Apple had issued a job posting for engineers with knowledge of the 802.11ac standard for its Austin campus, which the court found showed that "business Apple conducts within this District will be affected" by the case. *Id.* The court added that one of the accused products is made in Austin, Texas, "giving those involved with its manufacture a localized interest in determinations made regarding the infringement—or lack thereof—found in this case." A. 15.

The court, moreover, concluded that the localized interests of third parties weighed in favor of Western Texas. The court noted that the Wi-Fi Alliance, an organization that promotes, certifies, and ensures uniform adoption of Wi-Fi standards, including the 802.11ac standard, was located in Austin, Texas and had "a heavy localized interest in this case because infringement based on compliance with the 802.11ac standard would affect the Wi-Fi [A]lliance[']s promotions and certifications" and hinder its "goal of spreading use and adoption of the standard." *Id.* The court added that Broadcom also had a significant presence in Austin. The court acknowledged that Broadcom was headquartered in the Northern District of California.

However, it found that it was "more reasonable to assume that the chips [that were at issue in this case] were designed in the Central or Southern Districts of California." *Id.*

## DISCUSSION

Apple now seeks for this court to issue a writ of mandamus to compel transfer to the Northern District of California. Such a request requires a showing of a clear abuse of discretion that produced a patently erroneous result. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1318–19 (Fed. Cir. 2008); *see also Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 381 (2004) (requiring that a petitioner seeking mandamus establish that the right to relief is "clear and indisputable" (internal quotation marks and citations omitted)). We issue such relief sparingly and only in "extraordinary" circumstances. *Cheney,* 542 U.S. at 380 (quoting *Ex parte Fahey*, 332 U.S. 258, 259–260 (1947)) (internal quotation marks omitted). Apple has not met that demanding standard here.

Apple does not dispute that the district court considered all the relevant transfer factors. Nor can Apple now take back its previous assertion to the district court that the Austin Division is "clearly more convenient" than the Waco Division. A. 121. Instead, Apple primarily complains that in not transferring to the Northern District of California, the district court erred in assessing and weighing the relevant transfer factors. But the district court's grant of the alternative relief that Apple requested counsels against the extraordinary remedy of mandamus. Given that Apple received a transfer to its second-most convenient venue, it is difficult to accept Apple's assertion that the result here is patently erroneous.

We do question the propriety of the district court's reliance on *Weatherford* to hold that a court must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party when assessing a § 1404(a)

transfer for convenience. We are not convinced that this standard, which sounds like summary judgment, should apply to a transfer motion. The plaintiff's choice of forum is already protected by the elevated "clearly more convenient" standard that the movant must meet. Nonetheless, whatever may be said about the validity of drawing inferences and resolving factual disputes in favor of the non-moving party in the context of a transfer motion, we cannot say that Apple's right to relief here is indisputably clear.

Apple has not clearly and indisputably established the right to transfer to Northern California based on the convenience of witnesses. We agree with Apple that "[t]he convenience of the witnesses is probably the single most important factor in transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009) (internal quotation marks and citation omitted). We also share Apple's concern with the district court's reliance on *ADS Security* for the discordant proposition that the convenience of party witnesses is given "little weight." A. 10 (citing *ADS Sec. L.P. v. Advanced Detection Sec. Servs., Inc.*, No. A-09-CA-773-LY, 2010 WL 1170976, at *4 (W.D. Tex. Mar. 23, 2010)); *see also, e.g., Genentech*, 566 F.3d at 1343–45 (considering convenience of party and non-party witnesses alike). Nevertheless, Apple's right to relief is not clear and indisputable here. The district court held that, as a whole, the convenience of party and non-party witnesses weighed in favor of transfer. In support of its holding, the district court determined that the convenience of the identified non-party witnesses was neutral overall. Thus, it is not as if the district court applied *ADS Security* to tip the scales in favor of non-party witnesses while giving party witnesses little weight. Instead, the convenience of the party witnesses was the determinative consideration here—and indeed, determinative in Apple's favor.

Nor has Apple clearly and indisputably established the right to transfer to Northern California based on countervailing convenience or localized interest considerations.

Whether individuals or organizations may have relevant information and whether a certain forum has a localized connection to the relevant conduct and activities in a case are fact-intensive matters often subject to reasonable dispute. *Cf. Van Cauwenberghe v. Biard*, 486 U.S. 517, 528 (1988). Those determinations are generally entrusted to the discretion of the district court. *See Vistaprint*, 628 F.3d at 1346 ("Our reluctance to interfere is not merely a formality, but rather a longstanding recognition that a trial judge has a superior opportunity to familiarize himself or herself with the nature of the case and the probable testimony at trial, and ultimately is better able to dispose of these motions."). When those factors are meaningfully considered by the district court, and the court's balancing of all the relevant factors is "reasonable," its decision is entitled to "substantial deference." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981) (citations omitted).

The district court did not clearly abuse that discretion here. The court's conclusion that the Wi-Fi Alliance's location in Austin, Texas could be a source of relevant information in this case does not seem unreasonable in light of STC.UNM's stated theory of infringement. In that regard, the court fairly could find that a test or certification that the Wi-Fi Alliance has in its possession concerning whether the products comply or are interoperable with the 802.11ac standard could be relevant even if, as Apple contends, some of the features targeted by the patents are considered optional under the standard. Although Apple contends that STC.UNM is likely unable to demonstrate infringement here merely by showing compliance or interoperability with the wireless standard, the question of whether it has committed infringement is a merits issue, not one that should be decided on mandamus review in the context of a motion to transfer venue.

Nor has Apple shown that Northern California has a clearly more compelling local concern in adjudicating the issues. Although Broadcom is headquartered in the

Northern District of California, the affidavit from Broadcom's employee that Apple submitted in support of the motion to transfer merely stated that the Broadcom chips at the center of this dispute were developed "in California," within a business unit that "has members located in San Jose, Irvine, and San Diego, California" with "[s]ome engineering support . . . provided by Broadcom employees in India." A. 139, ¶8. Indeed, the Broadcom executive who submitted the declaration, and who is presumably most likely to be asked by Apple to testify, works outside the Northern District of California in San Diego, California. Thus, any suggestion by Apple that the Northern District of California has a unique connection to the accused products in this case is not clearly convincing. Under these circumstances, the district court's decision to try this case in the Austin Division over Northern California did not amount to a clear abuse of discretion.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

June 16, 2020                    /s/ Peter R. Marksteiner
        Date                      Peter R. Marksteiner
                                  Clerk of Court

s32