# United States Court of Appeals for the Federal Circuit

Miscellaneous Docket No. 888

IN RE TS TECH USA CORPORATION,
TS TECH NORTH AMERICA, INC., and TS TECH CANADA, INC.,

Petitioners.

Nicholas L. Coch, Kramer Levin Naftalis & Frankel LLP, of New York, New York, for petitioners. With him on the petition was Vito J. DeBari.

Frank A. Angileri, Brooks Kushman P.C., of Southfield, Michigan, for respondent Lear Corporation. With him on the response were Thomas A. Lewry and Brian S. Tobin.

On Petition for Writ of Mandamus from the United States District Court for the Eastern District of Texas

Judge T. John Ward

# United States Court of Appeals for the Federal Circuit

Miscellaneous Docket No. 888

IN RE TS TECH USA CORPORATION,
TS TECH NORTH AMERICA, INC., and TS TECH CANADA, INC.,

Petitioners.

On Writ of Mandamus from the United States District Court for the Eastern District of Texas in case no. 2:07-CV-406, Judge T. John Ward.

ON PETITION FOR WRIT OF MANDAMUS

Before MICHEL, Chief Judge, RADER and PROST, Circuit Judges.

RADER, Circuit Judge.

### O R D E R

TS Tech USA Corporation, TS Tech North America, Inc. and TS Tech Canada, Inc. (TS Tech) petition for a writ of mandamus to direct the United States District Court for the Eastern District of Texas to vacate its September 10, 2008 order denying TS Tech's motion to transfer venue, and to direct the Texas district court to transfer the case to the United States District Court for the Southern District of Ohio. Lear Corp. v. TS Tech, No. 2:07-CV-406, slip op. at 6 (E.D. Tex. Sept. 10, 2008). Lear Corporation opposes. TS Tech moves for leave to file a reply, with reply attached. Lear opposes. The court holds that the district court clearly abused its discretion in denying TS Tech's motion to transfer venue pursuant to 28 U.S.C. § 1404(a). Accordingly, we grant TS Tech's petition for a writ of mandamus.

I.

On September 14, 2007, Lear filed suit in the District Court for the Eastern District of Texas against TS Tech for infringement of Lear's patent relating to pivotally attached vehicle headrest assemblies. Lear's complaint alleged that TS Tech had been making and selling infringing pivotal headrest assemblies to Honda Motor Co., Ltd. Lear further asserted that TS Tech knowingly and intentionally induced Honda to infringe the patent by selling the headrest assemblies in their vehicles throughout the United States, including in the Eastern District of Texas.

On December 27, 2007, TS Tech filed a motion pursuant to § 1404(a) to transfer venue of the case to the Southern District of Ohio. TS Tech argued that the Southern District of Ohio was a far more convenient venue to try the case because the physical and documentary evidence was mainly located in Ohio and the key witnesses all lived in Ohio, Michigan, and Canada. TS Tech further argued that because none of the parties were incorporated in Texas or had offices located in the Eastern District of Texas, there was no meaningful connection between the venue and this case.[*] Lear opposed transfer, contending that the Eastern District of Texas was the proper venue considering that several Honda vehicles containing the allegedly infringing headrest assembly had been sold in Texas.

On September 10, 2008, the Texas district court sided with Lear and denied transfer. The district court found that TS Tech had failed to demonstrate that the

---

[*]    Lear is a Delaware corporation with its principal place of business in Southfield, Michigan. TS Tech USA and TS Tech North America, Inc. are both incorporated under the laws of Ohio and have principal places of business in Reynoldsburg, Ohio, which is in the Southern District of Ohio. TS Tech Canada is a Canadian corporation with a principal place of business in Ontario, Canada.

inconvenience to the parties and witnesses clearly outweighed the deference entitled to Lear's choice of bringing suit in the Eastern District of Texas. The court further found that because several vehicles with TS Tech's allegedly infringing headrest assembly had been sold in the venue, the citizens of the Eastern District of Texas had a "substantial interest" in having the case tried locally.

TS Tech then filed this petition for a writ of mandamus. TS Tech contends that the district court ignored precedent and clearly abused its discretion by refusing to transfer the case despite no connection between the case and the Eastern District of Texas except Lear's decision to file this suit in that venue.

## II.

### A.

The writ of mandamus is available in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of obtaining the relief desired, Mallard v. U. S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Because this petition does not involve substantive issues of patent law, this court applies the laws of the regional circuit in which the district court sits, in this case the Fifth Circuit. Storage Tech. Corp. v. Cisco Sys., Inc., 329 F.3d 823, 836 (Fed. Cir. 2003).

### B.

Transfer of Venue Pursuant to 28 U.S.C. § 1404(a)

Change of venue in patent cases, like other civil cases, is governed by 28 U.S.C. § 1404(a). Pursuant to § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district court or division where it might have been brought." 28 U.S.C. § 1404(a). Under Fifth Circuit law, a motion to transfer venue should be granted upon a showing that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. In re Volkswagen of Am., Inc., 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("Volkswagen II").

The Fifth Circuit applies the "public" and "private" factors for determining forum non conveniens when deciding a § 1404(a) venue transfer question. Volkswagen II, 545 F.3d at 314 n.9. The "private" interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981). The "public" interest factors to be considered are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws [or in] the application of foreign law." Volkswagen II, 545 F.3d at 315.

If this case were before the court as an ordinary appeal, we would review the district court's denial of transfer under the "abuse of discretion" standard, taking into consideration whether the court relied on clearly erroneous factual findings, made

erroneous conclusions of law, or misapplied the law to the facts. Broussard v. State Farm Fire & Cas. Co., 523 F.3d 618, 631 (5th Cir. 2008). However, because TS Tech is requesting extraordinary relief in the form of a petition for a writ of mandamus, it must meet an even higher burden of demonstrating that the denial was a "clear" abuse of discretion such that refusing transfer produced a "patently erroneous result." Volkswagen II, 545 F.3d at 310.

Application of the Factors

Turning to the facts of this case, we initially note that TS Tech's extensive contacts in the Southern District of Ohio indisputably make it a venue in which the patent infringement suit could have been brought. We also note that several of the forum non conveniens factors that the district court afforded no weight in its § 1404(a) analysis were indeed neutral on the facts presented. The court was correct in giving no weight to the availability of compulsory process factor and was also correct that the possibility of delay and prejudice in granting transfer was neutral here. In addition, the court was correct that administrative difficulties due to court congestion was a neutral factor in deciding whether to transfer under § 1404(a). The district court was further correct in concluding that it was in no better position than the Southern District of Ohio in deciding this patent case. As the district court noted, "[p]atent claims are governed by federal law," and as such "both [courts are] capable of applying patent law to infringement claims." Lear Corp., No. 2:07-CV-406, slip op. at 6.

Despite correctly applying some of the factors, the district court's § 1404(a) analysis contained several key errors. First, the district court gave too much weight to Lear's choice of venue under Fifth Circuit law. While the plaintiff's choice of venue is

accorded deference, In re Horseshoe Entm't, 337 F.3d 429, 434-35 (5th Cir. 2003), Fifth Circuit precedent clearly forbids treating the plaintiff's choice of venue as a distinct factor in the § 1404(a) analysis. Volkswagen II, 545 F.3d at 314 n.10. Rather, the plaintiff's choice of venue corresponds to the burden that a moving party must meet in order to demonstrate that the transferee venue is a clearly more convenient venue. Id. Here, the district court weighed the plaintiff's choice as a "factor" against transfer and afforded Lear's choice of venue considerable deference. Lear, No. 2:07-CV-406, slip op. at 3. In doing so, the court erred in giving inordinate weight to the plaintiff's choice of venue.

Second, the district court ignored Fifth Circuit precedent in assessing the cost of attendance for witnesses. It goes without saying that "[a]dditional distance [from home] means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." In re Volkswagen AG, 371 F.3d 201, 205 (5th Cir. 2004) ("Volkswagen I"). Because it generally becomes more inconvenient and costly for witnesses to attend trial the further they are away from home, the Fifth Circuit established in Volkswagen I a "100-mile" rule, which requires that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." 371 F.3d at 204-05.

The district court's order here completely disregarded the 100-mile rule. All of the identified key witnesses in this case are in Ohio, Michigan, and Canada. See Lear,

No. 2:07-CV-406, slip op. at 4. Thus, the witnesses would need to travel approximately 900 more miles to attend trial in Texas than in Ohio. Despite this distance and added cost to the witnesses, the district court "was not persuaded to give great weight" to this inconvenience. Id. The district court's disregard of the 100-mile rule constitutes clear error. Furthermore, because the identified witnesses would need to travel a significantly further distance from home to attend trial in Texas than Ohio, the district court's refusal to considerably weigh this factor in favor of transfer was erroneous.

Third, the district court erred by reading out of the § 1404(a) analysis the factor regarding the relative ease of access to sources of proof. As acknowledged in the district court's order, the vast majority of physical and documentary evidence relevant to this case will be found in Ohio, Michigan, and Canada, and none of the evidence is located in Texas. Id. at 5. Concluding that this factor was neutral as to transfer, the district court explained that since many of the documents were stored electronically, "the increased ease or storage and transportation" makes this factor "much less significant." Id. However, as the Fifth Circuit explained in Volkswagen II, the fact "that access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." 545 F.3d at 316. Because all of the physical evidence, including the headrests and the documentary evidence, are far more conveniently located near the Ohio venue, the district court erred in not weighing this factor in favor of transfer.

Finally, the district court disregarded Fifth Circuit precedent in analyzing the public interest in having localized interests decided at home. As in Volkswagen I and Volkswagen II, there is no relevant connection between the actions giving rise to this

case and the Eastern District of Texas except that certain vehicles containing TS Tech's headrest assembly have been sold in the venue. None of the companies have an office in the Eastern District of Texas; no identified witnesses reside in the Eastern District of Texas; and no evidence is located within the venue. Instead, the vast majority of identified witnesses, evidence, and events leading to this case involve Ohio or its neighboring state of Michigan. Nevertheless, the district court concluded, in direct contradiction of Fifth Circuit precedent, that this factor weighed against transfer.

The district court's reason for concluding that the public interest factor disfavored transfer—that the citizens of the Eastern District of Texas had a "substantial interest" in having the case tried locally because several of the vehicles were sold in that venue, Lear, No. 2:07-CV-406, slip op. at 6—was unequivocally rejected by the Fifth Circuit in Volkswagen I and Volkswagen II. Here, the vehicles containing TS Tech's allegedly infringing headrest assemblies were sold throughout the United States, and thus the citizens of the Eastern District of Texas have no more or less of a meaningful connection to this case than any other venue. See Volkswagen II, 545 F.3d at 318 (stating that it "stretches logic" to say the local interest factor weighed against transfer because such rationale "could apply virtually to any judicial district or division in the United States."). The fact that this is a patent case as opposed to another type of civil case does not in any way make the district court's rationale more logical or make the factor weigh against transfer. Therefore, the district court erred by weighing this factor against transfer.

"Patently Erroneous Result"

There is no easy-to-draw line separating a "clear" abuse of discretion from a "mere" abuse of discretion in all cases. Volkswagen II, 545 F.3d at 310. Nevertheless, we conclude that TS Tech has met its difficult burden of demonstrating a clear and indisputable right to a writ. As in Volkswagen II, the district court clearly abused its discretion in denying transfer from a venue with no meaningful ties to the case. In granting mandamus, the en banc Fifth Circuit found that the court's denial of transfer was a clear abuse of discretion because it (1) applied too strict of a standard to demonstrate transfer, (2) misconstrued the weight of the plaintiff's choice of venue, (3) treated choice of venue as a § 1404 factor, (4) misapplied the forum non conveniens factors, (5) disregarded Fifth Circuit precedent, including the 100-mile rule, and (6) glossed over the fact that not a single relevant factor favored the plaintiff's chosen venue. Id. at 318. Because the district court's errors here are essentially identical, we hold that TS Tech has demonstrated a clear and indisputable right to a writ.

## C.

Lear contends that TS Tech cannot demonstrate that it had no other means of obtaining its request for relief because TS Tech did not ask the district court to reconsider its motion denying transfer after the Fifth Circuit issued its en banc decision in Volkswagen II. We disagree. First, TS Tech had no reasonable expectation that seeking reconsideration of the order would have produced a different result. This is because the Fifth Circuit's recent en banc decision did not change any aspect of the law regarding the trial court's § 1404(a) analysis, but instead confirmed that mandamus is an appropriate means to review a district court's ruling on a venue transfer motion.

Compare In re Volkswagen of Am., Inc., 506 F.3d 376 (5th Cir. 2007), and Volkswagen I, 371 F.3d at 205 (5th Cir. 2004), with Volkswagen II, 545 F.3d at 315 (5th Cir. 2008) (en banc).

Second, the "no other means" requirement is not intended to ensure that TS Tech exhaust every possible avenue of relief at the district court before seeking mandamus relief. See, e.g., Cole v. U.S. Dist. Court for Dist. of Idaho, 366 F.3d 813, 820 (9th Cir. 2004) (explaining that a party seeking mandamus of a magistrate judge's disqualification order need not seek reconsideration with the district court if such reconsideration would have been futile); In re Pruett, 133 F.3d 275, 280 (4th Cir. 1997) (granting mandamus although petitioning party failed to seek alternative avenues in the district court, including reconsideration). Reconsideration can be sought, of course, to bring to the attention of the trial court precedent that might have been overlooked. However, if reconsideration should always be sought, we might be unable to entertain a mandamus petition even where there is a clear usurpation of judicial power. Rather, the purpose of the "no other means" requirement as explained by the Supreme Court is to "ensure that the writ will not be used as a substitute for the regular appeals process." Cheney v. U.S. Dist. Court for D.C., 542 U.S. 367, 380-81 (2004).

Third, it is clear under Fifth Circuit law that a party seeking mandamus for a denial of transfer clearly meets the "no other means" requirement. Interlocutory review of a transfer order under 28 U.S.C. § 1292(b) is unavailable. Moreover, as explained in Volkswagen II, "a petitioner 'would not have an adequate remedy for an improper failure to transfer the case by way of an appeal from an adverse final judgment because [the petitioner] would not be able to show that it would have won the case had it been tried in

a convenient [venue].'"  545 F.3d at 318-19 (quoting <u>In re Nat'l Presto Indus., Inc.</u> 347 F.3d 662, 663 (7th Cir. 2003)).  Thus, we reject Lear's argument.

III.

Because TS Tech has met its difficult burden of establishing that the district court clearly abused its discretion in denying transfer of venue to the Southern District of Ohio, and because we determine that mandamus relief is appropriate in this case, we grant TS Tech's petition for a writ of mandamus.

Accordingly,

IT IS ORDERED THAT:

(1)     The petition for writ of mandamus is granted.  The district court is directed to vacate its September 10, 2008 order and to transfer the case to the United States District Court for the Southern District of Ohio.

(2)     The motion for leave to file a reply is granted.

FOR THE COURT

 

 

 

 

<table>
<tr><td>__December 29, 2008__</td><td>__/s/ Jan Horbaly__</td></tr>
<tr><td>Date</td><td>Jan Horbaly<br>Clerk</td></tr>
</table>

cc:    Nicholas L. Coch, Esq.
       Frank A. Angileri, Esq.
       Clerk, United States District Court for the Eastern District of Texas, Marshall
         Division