NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**In re: TRACFONE WIRELESS, INC.,**
*Petitioner*

_____

2021-118

_____

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-00303-ADA, Judge Alan D. Albright.

_____

**ON PETITION**

_____

Before REYNA, CHEN, and HUGHES, *Circuit Judges.*

PER CURIAM.

## O R D E R

TracFone Wireless, Inc. petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to transfer this case to the United States District Court for the Southern District of Florida, or in the alternative, to direct the district court to stay proceedings until such time the district court rules on TracFone's motion to transfer. Precis Group LLC responds and takes "no position regarding the relief requested."

We apply the law of the United States Court of Appeals for the Fifth Circuit in cases arising from district courts in

that circuit.  We therefore review a district court's decision on a motion to transfer on a clear abuse of discretion standard.  In this regard, we have granted mandamus to stay proceedings and order prompt action on a long-pending motion to transfer where the district court has refused to take action.  *See, e.g., In re SK hynix Inc.*, 835 F. App'x 600 (Fed. Cir. 2021); *In re Google*, No. 2015-138, 2015 WL 5294800 (Fed. Cir. Jul. 16, 2015); *cf. In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).

Precis filed this patent infringement suit against TracFone on April 21, 2020.  On June 22, 2020, TracFone moved to dismiss the case based on improper venue or alternatively to transfer the case to the United States District Court for the Southern District of Florida pursuant to both 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406.  The motion was fully briefed by July 14, 2020.  Shortly thereafter, the district court issued a scheduling order for discovery, a Markman hearing, and the start of trial.

On October 1, 2020, TracFone moved the district court to stay all proceedings pending resolution of its venue motion.  Not having heard from the court on either the motion to dismiss or the motion to transfer by December 21, 2020, TracFone moved for a decision on its motion to transfer before the Markman hearing scheduled for December 29, 2020.  The district court also did not rule on that request.  Instead, the district court conducted the Markman hearing as scheduled and issued a claim construction order the following day.  Having still received no ruling from the district court on any of its requests, TracFone filed this petition for writ of mandamus on March 2, 2020.

We addressed strikingly similar circumstances from the same district court last month in *SK hynix*.  There, as here, the petitioners sought mandamus relief from this court after waiting nearly eight months for a ruling on a motion to transfer that was fully briefed.  We agreed with the petitioner that "the district court's handling of the

transfer motion up until this point in the case has amounted to egregious delay and blatant disregard for precedent." 835 F. App'x at 600–01. We did not compel further action because the district court scheduled a hearing while the petition was pending before this court, but we directed the district court to stay proceedings, including the upcoming Markman hearing, until the district court ruled on the motion. We explained that mandamus was appropriate because "precedent compels entitlement to such relief and the district court's continued refusal to give priority to deciding the transfer issues demonstrates that SK hynix has no alternative means by which to obtain it." *Id.* at. 601.

In *Google*, we explained that lengthy delays in resolving transfer motions can frustrate the intent of § 1404(a) by forcing defendants "to expend resources litigating substantive matters in an inconvenient venue while a motion to transfer lingers unnecessarily on the docket." 2015 WL 5294800 at *1. We concluded that a trial court's failure to act on a fully briefed transfer motion that had been pending for approximately eight months while pressing forward with discovery and claim construction issues amounted to an arbitrary refusal to consider the merits of the transfer motion. *Id.* at *1–2. We therefore directed the district court to promptly rule and to stay all proceedings pending completion of the motion. *Id.* at *2.

Our decisions in *Google* and *SK hynix* rest on a principle well-established in Fifth Circuit law: That district courts must give promptly filed transfer motions "top priority" before resolving the substantive issues in the case. *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) ("[I]n our view disposition of that [transfer] motion should have taken a top priority in the handling of this case by the . . . District Court."); *see also In re Apple, Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020 (explaining that "once a party files a transfer motion, disposing of that motion should unquestionably take top priority."); *In re Nintendo Co., Ltd.*,

544 F. App'x 934, 941 (Fed. Cir. 2013) ("[A] trial court must first address whether it is a proper and convenient venue before addressing any substantive portion of the case.").

We agree with TracFone that the circumstances here are comparable to those in *Google*. As in *Google*, the facts here establish that the district court has clearly abused its discretion. And, unlike in *SK hynix*, the court to date has taken no action to suggest it is proceeding towards quick resolution of the motion.

We order the district court to stay all proceedings until such time that it issues a ruling on the motion to transfer that provides a basis for its decision that is capable of meaningful appellate review. *See SK hynix*, 835 F. App'x at 601. We do not here address TracFone's motions, leaving those decisions to be made by the district court in the first instance. But we remind the lower court that any familiarity that it has gained with the underlying litigation due to the progress of the case since the filing of the complaint is irrelevant when considering the transfer motion and should not color its decision. *See Google*, 2015 WL 5294800 at *2.

Accordingly,

IT IS ORDERED THAT:

The Petition for Writ of Mandamus is granted and the district court is ordered to issue its ruling on the motion to transfer within 30 days from the issuance of this order, and to provide a reasoned basis for its ruling that is capable of meaningful appellate review. *See SK hynix*, 835 F. App'x at 601. We also order that all proceedings in the case are stayed until further notice. We do not address the merits of TracFone's motions, leaving those decisions to be made by the district court in the first instance. But we remind the lower court that any familiarity that it has gained with the underlying litigation due to the progress of the case since the filing of the complaint is irrelevant when

considering the transfer motion and should not color its decision.  *See Google*, 2015 WL 5294800 at *2.

FOR THE COURT

|  |  |
|---|---|
| <u>March 08, 2021</u> | <u>/s/ Peter R. Marksteiner</u> |
| Date | Peter R. Marksteiner |
|  | Clerk of Court |

s24