NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: WESTERN DIGITAL TECHNOLOGIES, INC.,**
*Petitioner*

---

2021-137

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-00563-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before PROST, *Chief Judge*, O'MALLEY and WALLACH, *Circuit Judges*.

PROST, *Chief Judge*.

### O R D E R

Western Digital Technologies, Inc. ("WDT") petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to transfer the case to the United States District Court for the Northern District of California.  Martin Kuster opposes.  WDT replies.

Mr. Kuster is a resident of Switzerland.  He owns United States patents relating to external storage devices that are compliant with the Universal Serial Bus ("USB") 3.0 standard.  WDT is a Delaware corporation with

headquarters in San Jose, California. WDT also has two offices within the Western District of Texas in Austin, Texas, as well as an office in Addison, Texas that is within 100 miles of the federal courthouse in Waco. In June 2020, Mr. Kuster filed the underlying suit in the Western District of Texas, alleging that WDT infringes his USB-related patents. WDT subsequently moved to transfer the case to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

On February 9, 2021, the district court denied WDT's motion to transfer, concluding that WDT had not shown that the Northern District of California was clearly more convenient than the Western District of Texas. Appx029. In support, the district court found that WDT had not "point[ed] with particularity to any relevant physical documents" nor "confirm[ed] the existence of any physical documents located in the NDCA." Appx017. The district court added that three non-parties (a former employee of WDT, a sales representative of WDT, and a distributor of WDT), who are potential witnesses, reside in or close to the Western District of Texas. Appx021–24. The district court further found that the Western District of Texas was likely to be faster in adjudicating the matter than the Northern District of California. Appx027. In addition, the district court found that the Western District was "home to [WDT] facilities [and] employees," and was a "significant market[] for the allegedly infringing products." Appx028.*

The legal standard for mandamus relief is demanding. We ask only whether the district court's transfer ruling

---

\* Following its transfer ruling and before this petition was filed, the district court agreed to stay the district court litigation pending the Patent Trial and Appeal Board's recently-instituted *inter partes* review brought by WDT, challenging the validity of the asserted patent claims.

was such a "'clear' abuse of discretion" that refusing transfer produced a "'patently erroneous result.'" *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc)). WDT has not satisfied that standard here. To be sure, the district court incorrectly overstated the burden on WDT as "heavy" and "significant." *See* Appx014, Appx029; *but see Volkswagen*, 545 F.3d at 314–15 (explaining that Congress intended to grant transfer under section 1404(a) upon a lesser showing of inconvenience than the "heavy burden" traditionally required under the *forum non conveniens* doctrine). Nonetheless, the district court here found that the Western District of Texas would be more convenient for, and could compel the testimony of, more likely non-party witnesses, that the Western District of Texas has a local interest, and that the Northern District of California has a more congested docket. Although we may have evaluated some of the factors differently, we are not prepared to say that the district court's ultimate conclusion that the transferee venue was not clearly more convenient amounted to a clear abuse of discretion.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

May 10, 2021          /s/ Peter R. Marksteiner
    Date              Peter R. Marksteiner
                      Clerk of Court

s32