NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  XCONNECT, LLC,**
*Petitioner*

---

2021-192

---

On Petition for Writ of Mandamus to the United States District Court for the District of Colorado in No. 1:20-cv-03665-RM-MEH, Judge Raymond P. Moore.

---

**ON PETITION**

---

Before DYK, PROST, and HUGHES, *Circuit Judges*.

PER CURIAM.

## O R D E R

XConnect, LLC petitions for a writ of mandamus to vacate the order of the United States District Court for the District of Colorado transferring this case to the United States District Court for the Western District of Texas and to re-transfer the case back to the District of Colorado. DynaEnergetics US, Inc., DynaEnergetics Europe GmbH, and DMC Global Inc. (collectively, DynaEnergetics) oppose. We deny the petition.

DynaEnergetics Europe GmbH owns U.S. Patent No. 10,844,697, which relates to components for a perforation

gun system used in well bore perforating in the oil and natural gas industries. DynaEnergetics manufactures and assembles its own perforating systems within the Western District of Texas. Although XConnect is headquartered in Colorado, it also maintains significant operations in the Western District of Texas, where its competing XConnect system is sold and used.

Soon after the '697 patent issued, DynaEnergetics notified XConnect[1] that it believed XConnect's perforating gun system infringed DynaEnergetics' patent. DynaEnergetics also informed XConnect that DynaEnergetics had filed a patent infringement suit asserting the same patent in the Western District of Texas against a competitor of XConnect. Shortly after receiving DynaEnergetics's notification letter, XConnect filed this suit in the District of Colorado seeking declaratory judgment of noninfringement.

DynaEnergetics moved to transfer the declaratory judgment action pursuant to 28 U.S.C. § 1404(a), arguing that the Western District of Texas was the more convenient forum to resolve the case. DynaEnergetics emphasized that there was a strong connection between the events giving rise to the suit and the extensive oil drilling operations in the Permian Basin, which is located largely in the Western District of Texas, as compared to the low oil rig count in the District of Colorado. DynaEnergetics also identified several relevant party and third-party witnesses in the Western District of Texas. DynaEnergetics additionally argued that judicial economy considerations weighed in favor of transfer because of its four pending actions involving the same patent in the Western District of Texas.

---

[1] At that time, XConnect was known as PerfX Wireline Services, LLC ("PerfX"). After this case was filed, PerfX was renamed XConnect, LLC and continues to manufacture and sell the accused XConnect perforating system.

Following Tenth Circuit law, the district court evaluated the relevant transfer factors enumerated in *Employers Mutual Casualty Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) and concluded that "considerations of judicial economy and convenience, and the interest of justice weigh in favor of transferring this case." Appx3. Specifically, the district court found that in declaratory judgment actions brought in anticipation of litigation in another district, "less deference may be given" to a plaintiff's choice of forum. Appx2. Furthermore, the pending actions in the Western District of Texas involving the same patent weighed in favor of transfer. XConnect then filed this petition seeking to vacate the district court's order transferring the case to the Western District of Texas and return the case to Colorado.

We have exclusive jurisdiction to consider XConnect's petition for a writ of mandamus under 28 U.S.C. §§ 1651 and 1295. In reviewing transfer determinations in cases arising on mandamus, we look to the applicable regional circuit law. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). In the Tenth Circuit, such decisions are reviewed for a clear abuse of discretion. *Hustler Mag., Inc. v. U.S. Dist. Ct. for Dist. of Wyo.*, 790 F.2d 69, 70 (10th Cir. 1986); *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1186 (10th Cir. 2009). The district court did not clearly abuse its discretion in granting transfer in this instance.

The district court concluded that XConnect's choice of forum was not entitled to significant deference in this case. The court based that finding on its determination that XConnect had filed this declaratory judgment suit to avoid an anticipated suit in the Western District of Texas. XConnect has not shown that the district court clearly abused its discretion in making those determinations. *Cf. Buzas Baseball, Inc. v. Bd. of Regents of Univ. Sys. of Ga.*, 189 F.3d 477 (Table), at *3 (10th Cir. 1999) (citation omitted) (determining that a district court does not abuse its discretion in declining to proceed with "a declaratory judgment

action if that action was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction").

The district court also concluded that the Western District of Texas had significant connections to the events giving rise to this case because both parties have material operations in the transferee venue and a considerable portion of the alleged infringing activity occurred within the Western District of Texas. The court also found that the transferee venue would be more convenient because of the location of key witnesses and employees of both parties in that forum. Finally, given the pending actions in the Western District of Texas, the court noted that "transferring this action would avoid having a second court engage in claim construction of the '697 patent." Appx3. XConnect has not made a persuasive case that the district court clearly abused its discretion in making those findings.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

                                        FOR THE COURT

November 10, 2021          /s/ Peter R. Marksteiner
       Date                Peter R. Marksteiner
                           Clerk of Court

s35