NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  TREND MICRO INC.,**
*Petitioner*

---

2022-133

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:21-cv-00389-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before DYK, REYNA, and CHEN, *Circuit Judges.*

DYK, *Circuit Judge.*

### O R D E R

Trend Micro Inc. petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to vacate its January 12, 2022 order denying transfer and to transfer the case to the United States District Court for the Northern District of California. Kajeet, Inc. opposes the petition.  We deny the petition.

Kajeet brought this action in the Western District of Texas, Waco Division, alleging that certain of Trend Micro's hardware and software products that include parental control features infringe U.S. Patent No. 8,667,559 ("the

'559 patent"). Kajeet also filed complaints in the Waco Division of the Western District alleging that two other defendants infringed the '559 patent.

Trend Micro moved to transfer to the Northern District of California under 28 U.S.C. § 1404(a), or alternatively, to transfer the action to the Austin Division of the Western District of Texas. While the accused products were designed and developed in Taipei, Taiwan, Trend Micro noted that employees knowledgeable about the sale of the accused products work from its principal place of business in Irving, Texas, and employees knowledgeable about the advertising and marketing of the accused products work from its offices located in San Jose, California.

On January 12, 2022, the district court denied the motion to transfer to the Northern District of California, concluding that Trend Micro failed to show that venue was clearly more convenient. In particular, the court found that the practical problems and court congestion factors both weighed against transfer, that the relative ease of access to sources of proof weighed in favor of transfer, and that the remaining factors were neutral. The court reserved its decision as to transfer to the Austin Division "for a later time," Appx0017.

The legal standard for mandamus relief is demanding. We ask only whether the district court's transfer ruling was such a "'clear' abuse of discretion" that refusing transfer produced a "'patently erroneous result.'" *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc)). Under Fifth Circuit law, which we apply here, we must deny mandamus unless it is clear "that the facts and circumstances are without any basis for a judgment of discretion." *Volkswagen*, 545 F.3d at 312 n.7 (internal quotation marks and citation omitted). Trend Micro has not met that standard.

IN RE: TREND MICRO INC.                                                    3

The district court found that: judicial economy considerations weighed against transfer because of the co-pending suits concerning the same patent; potential witnesses and evidence are within 90 miles of the Waco courthouse; Trend Micro failed to sufficiently identify employee witnesses in Northern California, making it difficult to discern whether the willing witness factor favored transfer; and the locus of events giving rise to this dispute largely occurred in Taiwan where the accused products were designed and developed, suggesting most witnesses and evidence are far outside the Northern District of California. Trend Micro has not shown a clear right to disturb these findings, which taken together, plausibly support the decision to deny transfer to Northern California in this case.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

May 11, 2022                          /s/ Peter R. Marksteiner
    Date                              Peter R. Marksteiner
                                      Clerk of Court