NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  HEWLETT PACKARD ENTERPRISE CO.,**
*Petitioner*

---

2022-154

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:21-cv-00596-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before HUGHES, MAYER, and STOLL, *Circuit Judges*.

STOLL, *Circuit Judge*.

## O R D E R

Hewlett Packard Enterprise Co. ("HPE") petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to transfer this case to the United States District Court for the District of Massachusetts.  Intellectual Ventures I LLC ("IV") opposes.

IV filed this suit in the Waco Division of the Western District of Texas, alleging that HPE's SimpliVity data storage solution infringes a patent assigned to IV.  According to HPE, the accused technology was "mostly" designed and developed by SimpliVity Corporation before HPE acquired

it in 2017 and the development of the accused products occurred primarily in Massachusetts. Appx83. HPE moved SimpliVity development work to India in 2020. Appx84.

HPE sought to transfer the case pursuant to 28 U.S.C. § 1404(a) to the District of Massachusetts. On April 29, 2022, the district court denied that motion. After determining that this suit could have been brought in the District of Massachusetts, the court analyzed whether HPE had shown that the transferee venue was clearly more convenient than the Western District of Texas, following the multi-factor approach adopted by the United States Court of Appeals for the Fifth Circuit in *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc). The court found that one factor (court congestion) weighed against transfer; one factor (willing witnesses) weighed slightly in favor of transfer; one factor (local interest) favored transfer; three factors (sources of proof, compulsory process, and practical problems) were neutral, and the parties agreed that the remaining two factors were neutral. Among other things, the district court determined that: (1) the Texas forum is likely to be faster in adjudicating the matter; (2) the cost of attending proceedings in Texas was only slightly more costly than in Massachusetts; (3) HPE financial documents are in Texas; and (4) there was insufficient evidence that relevant documents existed in Massachusetts, given HPE had moved its relevant operations to India in 2020 (and thus technical documents presumably would be easiest to access in India), HPE's 30(b)(6) witness testified about the location of electronic documents with some certainty and none were in Massachusetts, and two developers of the accused product who reside in Massachusetts but no longer work on the accused product did not testify that they had any documents.

Applying the law of the regional circuit, *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008), here, the Fifth Circuit, our task on mandamus is limited to determining whether the denial of transfer was such a "'clear'

abuse of discretion" that refusing transfer would produce a "patently erroneous result," *id.* (citation omitted)*; see also In re Apple Inc.*, 979 F.3d 1332, 1336 (Fed. Cir. 2020); *In re Nitro Fluids L.L.C.*, 978 F.3d 1308, 1310–11 (Fed. Cir. 2020). Under Fifth Circuit law, we must deny mandamus unless it is clear "that the facts and circumstances are without any basis for a judgment of discretion." *Volkswagen*, 545 F.3d at 312 n.7 (citation omitted). Here, HPE has not shown the required clear abuse of discretion resulting in a patently erroneous result.

HPE has not shown a clear right to having the sources of proof factor weighed in favor of transfer. Given the record in this case, the court here reasonably found that HPE did not show that more documentary evidence exists in Massachusetts than Western Texas. HPE failed to identify any specific documents in Massachusetts. And while HPE submitted a declaration from an employee who worked on the development of the accused products stating to his personal knowledge that technical documents were located "primarily with the persons that design, develop, and test it," Appx99, it was reasonable here for the district court to question whether any of those employees in Massachusetts, who had not worked on the products in years, would still have documents in their possession, given that development had moved to India. HPE notably did not submit declarations from any employee confirming possession of such technical documents. It was likewise reasonable for the district court to give little weight to the existence of IV documents located with its counsel in Massachusetts. *See In re Horseshoe Ent.,* 337 F.3d 429, 434 (5th Cir. 2003) ("The factor of 'location of counsel' is irrelevant and improper for consideration" in a transfer analysis).

Nor has HPE provided compelling reasons to second guess the court's determinations regarding the witness factors. The court reasonably found that the willing witnesses factor only slightly weighs in favor of transfer given that HPE had only identified two potentially relevant witnesses

in Massachusetts with any particularity and IV identified one potentially relevant witness in the Western District of Texas.  The district court also found that it had compulsory process power over at least one non-party potential witness.  HPE challenges whether these individuals identified in Texas have relevant and material information.  Mindful of the demanding standard of review, however, HPE has not shown that we should disturb those findings in this case.  Accordingly, we cannot say that the trial court's weighing of the witness factors was unreasonable and warrants the extraordinary relief of mandamus.

As such, the court reasonably found that the circumstances of this case are materially different from *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009), in which we granted mandamus to direct transfer.  *Genentech* held that "when . . . several relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all of those other factors."  *Id.*  But in *Genentech*, we concluded that there was "no rational argument" for keeping that case in the Texas forum based on an assessment of the other factors.  *Id.* at 1348.  This case is different because the trial court reasonably found that while the local interest factor favors transfer, the willing witness factor only slightly favors transfer, and the remaining factors (other than court congestion) are neutral. HPE has not convinced us to extend *Genentech* to reach this case.  Nor can we say that the trial court's balancing of the factors was so unreasonable as to warrant the extraordinary relief of mandamus.

Accordingly,

IN RE: HEWLETT PACKARD ENTERPRISE CO.                    5

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

August 9, 2022                     /s/ Peter R. Marksteiner
    Date                           Peter R. Marksteiner
                                   Clerk of Court