NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: ZHEJIANG CRYSTAL-OPTECH CO. LTD.,**
*Petitioner*

---

2023-111

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 2:21-cv-00378-JRG, Chief Judge J. Rodney Gilstrap.

---

**ON PETITION**

---

Before DYK, REYNA, and CHEN, *Circuit Judges.*

DYK, *Circuit Judge.*

**O R D E R**

Zhejiang Crystal-Optech Co. Ltd. ("Crystal") petitions for a writ of mandamus directing the United States District Court for the Eastern District of Texas to vacate its order denying Crystal's motion to transfer and transfer the case to the United States District Court for the Northern District of California. Viavi Solutions Inc. ("Viavi") opposes. For the following reasons, we deny the petition.

Viavi sued Crystal in the Eastern District of Texas, alleging that Crystal was actively inducing others to infringe three of its patents. Viavi's complaint asserts that Crystal,

a foreign-based corporation, was subject to personal jurisdiction in the Eastern District of Texas because it knowingly sold the accused optical filter products with the expectation that they would be incorporated into mobile devices that would be sold in Texas. Appx031.

Crystal moved to dismiss the case for lack of personal jurisdiction. Crystal also moved to transfer the case under 28 U.S.C. § 1404(a) to the Northern District of California, though Crystal "dispute[d] that it is subject to personal jurisdiction by any United States District Court." Appx183. The district court denied both motions. It first found that "Crystal, through its sales of Filters for application in Samsung Galaxy phones, knew (or should have reasonably known) the likely destination of the products, and their conduct and connections with the forum state were such that they should reasonably have anticipated being brought into court here." Appx010. On that basis, the court denied Crystal's motion to dismiss.

As to § 1404(a), the court found that Crystal had failed to establish the threshold requirement that the action "might have been brought" in the Northern District of California, noting Crystal's own insistence that it was not subject to personal jurisdiction there and explaining that it was "not necessarily true" that personal jurisdiction in Northern California would follow from its reasoning as to why jurisdiction existed in the Eastern District of Texas. Appx012. In the alternative, the court analyzed the private and public interest factors that govern transfer determinations and concluded that Crystal had failed to establish that the Northern District of California was clearly more convenient. Crystal then filed this petition challenging only the district court's no-transfer determination.

We follow regional circuit standards governing motions under § 1404(a). *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). Under Fifth Circuit law, Crystal, as the § 1404(a) movant, bore the burden of

demonstrating that transfer was appropriate. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (en banc). Our limited task here is to determine whether the district court clearly abused its discretion in concluding that Crystal failed to satisfy that burden. *See In re Juniper Networks, Inc.*, 14 F.4th 1313, 1318 (Fed. Cir. 2021).

We see no such clear abuse. Crystal insists that the district court's finding that it is subject to personal jurisdiction in the Eastern District of Texas also compels the conclusion that it is subject to personal jurisdiction in the Northern District of California. Pet. at 7. But the core premise of Crystal's petition—that the court relied on Federal Rule of Civil Procedure 4(k)(2) to conclude that personal jurisdiction exists, Pet. at 11; Reply at 3—is wrong. The district court indicated that its conclusion was based on an analysis of Crystal's "connections with the forum state," i.e., Texas, Appx010, as opposed to its contacts with the United States as a whole. *See* Fed. R. Civ. P. 4(k)(2) (establishing personal jurisdiction only where "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction"). Because Crystal has not otherwise clearly shown that this case "might have been brought" in the transferee forum, we deny its mandamus petition.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

March 1, 2023                    /s/ Peter R. Marksteiner
        Date                        Peter R. Marksteiner
                                    Clerk of Court