NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: GOOGLE LLC,**
*Petitioner*

---

2023-112

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:22-cv-00031-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before DYK, REYNA, and CHEN, *Circuit Judges.*

DYK, *Circuit Judge.*

**O R D E R**

Flypsi, Inc. ("Flyp") brought this patent infringement suit against Google LLC in the United States District Court for the Western District of Texas, Waco Division. The district court denied Google's motion to transfer the case under 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of California. Google now petitions this court for a writ of mandamus that would vacate that order and direct transfer. Flyp opposes.

We review denials of transfer under the relevant regional circuit's law and on mandamus ask only whether the

transfer decision was such a "clear abuse of discretion" that it led to a "patently erroneous result." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (citation and internal quotation marks omitted). Here, the district court considered the relevant factors and found, based on the record before it, that Google had failed to establish that the Northern District of California is "clearly more convenient." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

We cannot say "that the facts and circumstances are without any basis for" that conclusion. *Id.* at 312 n.7. The district court noted, among other things, that while Google is headquartered in Northern California, three of its employees who are potential witnesses work in the Western District of Texas; that Flyp's offices are located within a 90-minute drive of the Waco courthouse; that at least one former Google employee and two former Flyp employees are potential witnesses who reside within the subpoena power of the Western District of Texas; that judicial economy considerations weigh against transfer because of the Western District's familiarity with the asserted patents based on prior litigation; and that the Western District is likely to be faster in adjudicating the case.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

March 6, 2023                          /s/ Peter R. Marksteiner
    Date                               Peter R. Marksteiner
                                     Clerk of Court