NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: SONY INTERACTIVE ENTERTAINMENT INC., SONY INTERACTIVE ENTERTAINMENT LLC,**
*Petitioners*

---

2023-144

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:22-cv-00386-ADA, Judge Alan D. Albright.

---

## ON PETITION

---

Before REYNA, TARANTO, and HUGHES, *Circuit Judges.*

REYNA, *Circuit Judge.*

## O R D E R

Sony Interactive Entertainment Inc. and Sony Interactive Entertainment LLC (collectively, "Sony") petition for a writ of mandamus directing the United States District Court for the Western District of Texas ("WDTX") to transfer the case to the United States District Court for the Northern District of California ("NDCal"). ACQIS LLC opposes. For the reasons that follow, we deny the petition.

ACQIS sued Sony for patent infringement in the Waco division of WDTX, asserting venue was proper based, in part, on Sony's in-district office space in Austin, Texas. Sony moved to transfer the case under 28 U.S.C. § 1404(a) to NDCal or, in the alternative, to the Austin Division of WDTX. The district court granted Sony's motion to the extent that the case was transferred to the Austin division because it was clearly more convenient than the Waco division, but transfer to NDCal was denied because Sony had failed to show NDCal was clearly more convenient than WDTX. In reaching those conclusions, the district court found that potential witnesses from a third-party supplier of a component highly relevant to ACQIS's infringement allegations are in Austin; the sources of proof appear to be stored electronically and accessible from both NDCal and WDTX; both NDCal and WDTX have a connection to the accused products; and judicial economy considerations weighed strongly against transfer based on a pending case involving the same patents and the court's familiarity with the patents from other prior cases.

Sony then filed this petition, challenging the decision not to transfer to NDCal. We have jurisdiction pursuant to 28 U.S.C. §§ 1295(a)(1) and 1651(a). *See In re Princo Corp.*, 478 F.3d 1345, 1351–52 (Fed. Cir. 2007). In order to obtain a writ of mandamus, a petitioner must show: (1) there are no adequate alternative avenues for relief, (2) the right to issuance of the writ is clear and indisputable, and (3) issuance of the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). Applying regional circuit law, we review a § 1404(a) transfer decision on mandamus only for a "clear abuse of discretion such that refusing transfer produced a patently erroneous result." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (cleaned up). Sony's petition fails to meet this exacting standard.

The court made a plausible determination that judicial economy considerations weighed in favor of keeping this

case in WDTX, given the court's prior experience with the patents and the overlap with the co-pending litigation involving the same patents. And while those considerations do not necessarily override a clear imbalance from the other transfer factors, *see In re Google LLC*, 58 F.4th 1379, 1382–83 (Fed. Cir. 2023), they do not stand alone. The court also plausibly found there to be a significant number of relevant and material potential witnesses in WDTX, in addition to sources of proof and local interests, based on the particular record in this case. Although Sony challenges those determinations, it has not shown a clear abuse of discretion. Sony argues that the district court should have accorded more weight to the potential witnesses and documents in NDCal, but on mandamus review, we leave the district court's decision undisturbed unless it is clear "that the facts and circumstances are without any basis for a judgment of discretion," *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 n.7 (5th Cir. 2008) (en banc). Sony's petition has not made that showing.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

October 19, 2023
Date

/s/ Jarrett B. Perlow
Jarrett B. Perlow
Clerk of Court