NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re SONY GROUP CORPORATION, SONY INTERACTIVE ENTERTAINMENT, INC.,**
*Petitioners*

---

2024-140

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 2:22-cv-00424-JRG, Chief Judge J. Rodney Gilstrap.

---

**ON PETITION**

---

Before DYK, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

## O R D E R

Sony Group Corporation and Sony Interactive Entertainment, Inc. (collectively, "Sony") petition for a writ of mandamus directing the United States District Court for the Eastern District of Texas ("EDTX") to vacate its order denying transfer and to transfer the action to the United States District Court for the Northern District of California ("NDCA"). Resonant Systems, Inc. opposes. For the reasons that follow, we deny the petition.

On October 26, 2022, Resonant Systems filed this suit against Sony in EDTX asserting infringement of U.S. Patent Nos. 8,860,337; 9,369,081; and 9,941,830. On the same day, Resonant Systems sued Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. in EDTX for infringement of the '081 and '830 patents.[1]

On August 8, 2023, Sony moved to transfer this action to NDCA under 28 U.S.C. § 1404(a) based largely on the presence of its non-party Sony subsidiary, Sony Interactive Entertainment LLC, in that district. On April 10, 2024, the district court denied the motion, having concluded that Sony had failed to show that NDCA was clearly more convenient than EDTX. Sony then moved for reconsideration, which the district court denied on July 9, 2024.[2] Sony then filed this petition. We have jurisdiction under 28 U.S.C. §§ 1295(a)(1) and 1651(a). *See In re Princo Corp.*, 478 F.3d 1345, 1351 (Fed. Cir. 2007).

To establish entitlement to the extraordinary remedy of a writ of mandamus, a petitioner must show: (1) "no other adequate means to attain the relief [it] desires," (2) a "clear and indisputable" right to relief, and (3) that the writ is "appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (cleaned up).

---

[1]    On June 21, 2023, Samsung moved to stay that case pending resolution of related *inter partes* review proceedings, which was granted on March 8, 2024.

[2]    The district court's April 10th Order initially denied in part based on what it viewed as Sony's substantial delay in seeking transfer. On reconsideration, the court concluded that it would have reached the same result "even after discounting Defendants' delay from the analysis." Appx 19. For present purposes, we will proceed based on the district court having abandoned reliance on delay in its analysis.

On review of a § 1404(a) transfer decision, we apply the law of the regional circuit—here, the United States Court of Appeals for the Fifth Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). Under Fifth Circuit law, "we review only for clear abuses of discretion that produce patently erroneous results." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc).

Under that demanding standard, we cannot say Sony has made a compelling showing that NDCA is clearly more convenient, particularly given no party is located in that district, the court found Sony failed to identify any physical evidence or unwilling witness there, *see In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022), the technical witnesses and material events giving rise to the case were found to be outside NDCA, *Def. Distributed v. Bruck*, 30 F.4th 414, 435 (5th Cir. 2022), and, at least at the time of the motion to transfer, it would not have been unreasonable to say that keeping this case in EDTX could potentially produce judicial economy benefits.

Accordingly,

The petition is denied.

FOR THE COURT

September 30, 2024
Date

Jarrett B. Perlow
Clerk of Court