NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: APPLE INC.,**
*Petitioner*

---

2023-120

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:22-cv-00149-ADA, Judge Alan D. Albright.

---

## ON PETITION AND MOTION

---

Before DYK, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

## O R D E R

Apple Inc. petitions this court for a writ of mandamus directing the United States District Court for the Western District of Texas to promptly rule on Apple's motion to transfer and to stay other proceedings until transfer has been resolved. Apple also moves this court to stay the proceedings pending consideration of its petition.

In February 2022, SpaceTime3D, Inc. brought this suit against Apple in the Western District of Texas, Waco Division. In July 2022, Apple moved to transfer the case within the Western District to Austin. That motion was fully

briefed by the parties and has been pending on the district court's docket since November 7, 2022. On November 14, 2022, fact discovery was opened. Based on an agreement by the parties, the district court scheduled a claim construction hearing for November 17, 2022. The day before the hearing, however, Apple moved to stay that hearing and all other proceedings until the district court's decision on Apple's pending motion to transfer. In light of Apple's motion, the trial court deferred claim construction.

On January 30, 2023, the district court denied Apple's stay motion. The court acknowledged the requirement under governing precedent to prioritize timely resolution of a motion for inter-district transfer but took the view that "it does not have to stay the proceedings or decide whether to transfer the case intra district until closer to trial since this Court has the power to retain this case on its trial docket regardless of whether the Court grants transfer or not." Appx274. More particularly, the court found that Apple had failed to show good cause for a stay of the Markman hearing, noting that "Apple waited to file this Motion to stay until only hours before the . . . scheduled Markman hearing—after the Court had already expended its resources to issue preliminary constructions and after the parties had already prepared for the hearing." Appx280–81. It likewise found that Apple had failed to show the balance of interests favored a stay of discovery deadlines.

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). Accordingly, "three conditions must be satisfied before it may issue." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004). The petitioner must show a "clear and indisputable" right to relief. *Id.* at 381 (quoting *Kerr*, 426 U.S. at 403). The petitioner must show a "lack [of] adequate alternative means to obtain the relief" it seeks. *Mallard v. U.S. Dist. Ct. for S.D. Iowa*, 490 U.S. 296, 309 (1989); *see Cheney*, 542 U.S. at 380. And, "even if the first two

prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney*, 542 U.S. at 381.

Regional circuit law—here, the law of the United States Court of Appeals for the Fifth Circuit—governs our review of procedural matters pertaining to transfer and stay requests not unique to patent law. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008); *Biodex Corp. v. Loredan Biomed., Inc.*, 946 F.2d 850, 856 (Fed. Cir. 1991). Under Fifth Circuit law, a trial court must prioritize transfer motions over substantive proceedings. *In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003) ("[I]n our view disposition of that [transfer] motion should have taken a top priority in the handling of this case by the . . . District Court."); *In re Apple Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020) ("*Apple I*") ("Although district courts have discretion as to how to handle their dockets, once a party files a transfer motion, disposing of that motion should unquestionably take top priority.").

To that end, we have, in applying Fifth Circuit law in cases from trial courts in that circuit, granted mandamus "to correct a clearly arbitrary refusal to act on a longstanding pending transfer motion," *In re Apple Inc.*, 52 F.4th 1360, 1361 (Fed. Cir. 2022) ("*Apple II*"). In *Apple II*, as here, the trial court's management of the case would have substantially delayed resolution of a transfer motion until close to trial while requiring the parties to litigate the merits in a potentially inconvenient forum. *Id.* at 1362. We postponed substantive proceedings until after the trial court considered the motion. We explained that "precedent entitles parties to have their [transfer] motions prioritized" and concluded, based on the circumstances, that it "was a clear abuse of discretion to require the parties to expend additional party and court resources litigating the substantive matters of the case while Apple's motion to transfer

unnecessarily lingers on the docket," *id*. We think this precedent is equally applicable here.

In deviating from this precedent, the trial court relied on a statement in an unpublished, non-precedential decision, *Sundell v. Cisco Sys. Inc.*, 111 F.3d 892, 1997 WL 156824 (5th Cir. 1997), which noted that "[u]nder 28 U.S.C. § 1404(b), the district court has broad discretion in deciding whether to transfer a civil action from a division in which it is pending to any other division in the same district." *Id.* at \*1. But *Sundell* does not suggest discretion in the prioritization of the decision of transfer motions. In recognizing leeway in deciding whether to ultimately disturb the plaintiff's choice of forum, *Sundell* did not suggest, let alone hold, that a trial court can arbitrarily refuse to act on the transfer request. Indeed, Fifth Circuit precedent entitles parties to have their transfer motions prioritized. *See Horseshoe*, 337 F.3d at 433. We do not understand the Fifth Circuit to require only inter-district transfer motions be prioritized to the exclusion of intra-district transfer motions.\*

---

\*    In concluding otherwise, the district court judge indicated that he "has the power to retain this case on [his] docket regardless of whether the Court grants transfer or not." Appx274. But 28 U.S.C. § 137(a) provides that it is "[t]he chief judge of the district court [who] . . . shall divide the business and assign the cases." And the Chief Judge of the Western District has issued a standing order providing for assignment of the civil docket in the Austin Division of the Western District to two other district court judges. Appx369–70, Amended Order Assigning the Business of the Court (W.D. Tex. Dec. 16, 2022). Although the district court judge here suggested that one of those other judges might re-assign the case back to him, such speculation is

IN RE: APPLE INC.                                                                                  5

Given the demanding standard on mandamus, we cannot say that it was a clear abuse of discretion under the specific circumstances of this case for the district court to conclude that Apple was not entitled to a stay of the *Markman* hearing or the discovery deadlines because of its delay in moving for a stay. However, for the reasons provided above, we grant Apple's petition for mandamus to the extent that the district court is directed to timely decide the transfer motion before proceeding to further substantive matters beyond the *Markman* hearing.

Accordingly,

IT IS ORDERED THAT:

(1)  The interim stay of the *Markman* hearing is lifted.

(2)  The petition and motion are granted to the limited extent that the district court is directed to decide the transfer motion before proceeding to further substantive matters beyond the *Markman* hearing.

FOR THE COURT

<u>March 6, 2023</u>                          /s/ Peter R. Marksteiner
        Date                                  Peter R. Marksteiner
                                              Clerk of Court

---

not a basis to disregard precedent directing that transfer motions be prioritized.