NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

In re:  **ONEPLUS TECHNOLOGY (SHENZEN) CO., LTD.,**
*Petitioner*

2023-130

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:21-cv-01217-ADA, Judge Alan D. Albright.

**ON PETITION**

Before LOURIE, HUGHES, and CUNNINGHAM, *Circuit Judges*.

LOURIE, *Circuit Judge*.

**O R D E R**

Atlas Global Technologies LLC brought this patent infringement suit against OnePlus Technology (Shenzen) Co., Ltd. in the United States District Court for the Western District of Texas, Waco Division.  The district court denied OnePlus's motion to transfer under 28 U.S.C. § 1404(a) to the United States District Court for the Central District of California or, alternatively, to the United States District Court for the Northern District of Texas.

OnePlus now petitions this court for a writ of mandamus that would vacate that order and direct transfer.

In denying OnePlus's motion to transfer, the district court analyzed the traditional § 1404(a) factors and concluded that the practical problems factor weighed strongly against both transferee forums while the other factors were neutral. The court noted, among other things, that OnePlus has no presence in either transferee forum, but it does have a subsidiary headquartered within 90 miles from the Waco courthouse and a chip supplier and circuitry manufacturer in or near Western Texas; that Atlas's president lives primarily in Austin and would find Waco more convenient; that potential third-party witnesses (including one inventor and employees of third-party suppliers and the Wi-Fi Alliance) live in or near Western Texas; and that there are four co-pending cases in the Western District of Texas involving the same patents and technology.

On mandamus, we review denials of § 1404(a) transfer under the relevant regional circuit's law (here, the law of the United States Court of Appeals for the Fifth Circuit) and ask only whether the denial of transfer was such a "clear abuse of discretion" that it produced a "patently erroneous result." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (citation and internal quotation marks omitted). We discern no such abuse here. The district court considered the relevant factors and determined, based on the record evidence, that OnePlus had failed to establish that the Central District of California or the Northern District of Texas would be clearly more convenient in light of the location of potential witnesses and records in Western Texas and judicial economy considerations weighing against transfer to either forum because of the co-pending cases. We are unable to say "that the facts and circumstances are without any basis for a judgment of discretion" for that conclusion. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 n.7 (5th Cir. 2008) (en banc).

IN RE: ONEPLUS TECHNOLOGY (SHENZEN) CO., LTD.                    3

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

June 27, 2023                                    /s/ Jarrett B. Perlow
        Date                                     Jarrett B. Perlow
                                                 Acting Clerk of Court