NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: ASSA ABLOY GLOBAL SOLUTIONS, INC.,**
*Petitioner*

---

2023-150

---

On Petition for Writ of Mandamus to the United States District Court for the Northern District of Illinois in No. 1:23-cv-00756, Judge Charles P. Kocoras.

---

**ON PETITION**

---

Before LOURIE, MAYER, and STARK, *Circuit Judges*.

STARK, *Circuit Judge*.

## O R D E R

ASSA ABLOY Global Solutions, Inc. ("AAGS") petitions for a writ of mandamus seeking to vacate the United States District Court for the Northern District of Illinois' ("NDIll") order directing transfer to the United States District Court for the Eastern District of Texas ("EDTX").[1]

---

[1] The district court stayed transfer pending resolution of this petition.

Liberty Access Technologies Licensing LLC ("Liberty") opposes. For the following reasons, we deny the petition.

In 2018, nearly five years before this case was filed, Liberty sued other defendants in NDIll for infringement of U.S. Patent Nos. 9,373,205 and 9,911,258. Those parties settled after briefing a motion to dismiss. In late 2022, Liberty brought suit against AAGS' parent companies and one of AAGS' customers in EDTX, asserting infringement of one of the same patents involved in the earlier action, U.S. Patent No. 9,373,205, and two additional patents (Nos. 10,657,747 and 11,373,474). In early 2023, AAGS filed this declaratory judgment action in NDIll for non-infringement of the three patents previously asserted in EDTX, asserting in its complaint that venue was proper "pursuant to 28 U.S.C. § 1391(b)(1)." Appx. 10.

Liberty moved to transfer to EDTX under 28 U.S.C. § 1404(a), which the district court granted. Applying the law of the United States Court of Appeals for the Seventh Circuit,[2] the district court found that AAGS' choice of

---

[2]    Under Seventh Circuit law, the § 1404(a) transfer movant "has the burden of establishing . . . that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 & n.3 (7th Cir. 1986). Relevant considerations include: (1) "plaintiff's choice of forum," (2) "availability of and access to witnesses," (3) "each party's access to and distance from resources in each forum," (4) "location of material events," (5) "relative ease of access to sources of proof," (6) "docket congestion and likely speed to trial," (7) "each court's relative familiarity with the relevant law," (8) "the respective desirability of resolving controversies in each locale," and (9) "the relationship of each community to the controversy." *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978–79 (7th Cir. 2010).

forum was not entitled to substantial weight because AAGS has its principal place of business in the Northern District of Texas, Liberty has its principal place of business in the Western District of Texas, and neither had substantial connections to Illinois. The court further found that judicial economy considerations strongly favored transfer based on the pending EDTX cases, while the other factors were neutral. Ultimately, the district court concluded that Liberty had shown transfer was appropriate. AAGS then filed this petition. We have jurisdiction over the matter under 28 U.S.C. §§ 1295(a)(1) and 1651(a). *See In re Princo*, 478 F.3d 1345, 1351–52 (Fed. Cir. 2007).

To obtain the extraordinary remedy of a writ of mandamus to overturn transfer, the petitioner must show: (1) there are no adequate alternative avenues for relief, (2) the right to issuance of the writ is clear and indisputable, and (3) issuance of the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). For mandamus review of § 1404(a) transfer decisions, we apply the law of the regional circuit, *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008), and will issue the writ only where there is a "clear abuse of discretion [that] will justify the invocation of this extraordinary remedy," *Cheney*, 542 U.S. at 380 (cleaned up). AAGS fails to meet this demanding standard.

Although AAGS contends that this action could not "have been brought" in EDTX, as EDTX would not (according to AAGS) have been a proper venue under either 28 U.S.C. § 1391(b) or § 1400(b) – as AAGS purportedly does not "reside[]" in or have a "regular and established place of business" in EDTX – AAGS did not present this threshold argument to the district court. Instead, its opposition raised § 1400(b), the patent venue statute, only as one consideration to be weighed in the discretionary interest of justice analysis. That argument does not clearly preserve the threshold challenge it now makes the centerpiece of its

4                                IN RE: ASSA ABLOY GLOBAL SOLUTIONS, INC.

petition to us.  We therefore decline to find a clear abuse of discretion based on AAGS' forfeited argument.[3]

AAGS' other arguments principally contend that the district court applied too lenient of a standard in granting transfer and erred by failing to give greater weight to connections with NDIll based on a years-old closed case from that forum.  After considering the relevant factors and particular facts of this case, the district court disagreed, giving more weight in its analysis to judicial economy considerations favoring transfer.  On our limited review, we cannot say that the district court so clearly abused its discretion in granting transfer based on the pending cases in EDTX and the limited connections to NDIll as to warrant the extraordinary remedy of mandamus.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

October 27, 2023
       Date

Jarrett B. Perlow
Clerk of Court

---

[3]     AAGS' contention that we must address the § 1400(b) question is in tension with its identification in its complaint of only 28 U.S.C. § 1391(b), the general venue statute applicable to non-patent civil actions, as the basis for NDIll being a proper venue.  Appx. 10–11, 50–51.